A. Y. McDonald Manufacturing Company, Appellant, v. James R. Leverett, Appellee.

**MECHANICS' LIENS: Right to Lien—Misapplication of Payments.** A subcontractor who receives money from the contractor with knowledge that the money had been paid to the contractor *by the owner of the improvement* may not apply said funds on other claims which he holds against the contractor.

Headnote 1: 40 C. J. p. 344.

Headnote 1: L. R. A. 1916D, 1258; 18 R. C. L. 973 *et seq.*

*Appeal from Pottawattamie District Court.*—O. D. Wheeler, Judge.

January 18, 1927.

Rehearing Denied July 1, 1927.

Three suits for foreclosure of separate mechanics' liens on certain property in the city of Council Bluffs, Iowa. The district court found the equities with the defendant, and dismissed each of plaintiff's petitions. Plaintiff appeals.—*Affirmed in part; reversed in part.*

*Kimball, Peterson, Smith & Peterson,* for appellant.

*Killpack & Rain,* for appellee.

ALBERT, J.—Appellant is a corporation engaged in the mercantile business, and among other merchandise handles plumbing supplies and fixtures. Poole & White were a partnership engaged in installing plumbing jobs. They bought many supplies and fixtures from appellant, prior to the date of the dissolution of their firm, on October 6, 1923, at which time the firm was indebted to appellant. White continued to buy from appellant until the 13th of November, 1923, when one Baird became his partner in the plumbing business, which business they conducted under the name of White & Baird. This last-named firm had a contract with James R. Leverett, appellee herein, to place plumbing in five different houses constructed by Leverett in Council Bluffs. They procured their supplies for that work from appellant. In one of the five houses no supplies were furnished by appellant, and in another, appellant was paid directly by Leverett for the supplies. This left three houses for which appellant had furnished the plumbing supplies, and a separate mechanic's lien was filed on each house for the plumbing supplies used by White & Baird in that house. In one house, located in Block 9, the total amount of appellant's bill was $114.75. In the second house, appellant's bill was $61.45, and in the third, $61.43. There is no dispute as to the correctness of the amounts claimed in each of these mechanic's liens, nor is any question raised as to the regularity and filing of such liens. The question is whether or not these liens, or any of them, have been satisfied.

The evidence on the $114.75 claim shows that this material was delivered from the 18th to the 20th of December, 1923. On December 22, 1923, Leverett paid White & Baird $171 by check. On December 24, 1923, White & Baird paid appellant $150 by check; and it is over these items that part of this dispute arises,

because White & Baird, when they delivered this check for $150 to appellant, directed it to apply the same on an indebtedness owed to appellant by the old firm of Poole & White; and it was so applied. The testimony conclusively shows that the $150 represented by this check came directly from the funds paid by Leverett to White & Baird on December 22d previous. In other words, the $150 thus paid by White & Baird to appellant was money that was received directly from Leverett by White & Baird; and under the record, we hold that, when appellant received said check (which it afterwards cashed), it knew that the money had come from Leverett. With this knowledge on its part, it had no right to make application of this $150 payment on the old account of Poole & White. We have settled this proposition in the case of *Sioux City Foundry & Mfg. Co. v. Merten,* 174 Iowa 332. · This payment of $150 was sufficient to cover the first lien above referred to, of $114.75; and therefore the court's ruling, so far as that mechanic's lien is concerned, is correct.

This left in the hands of White & Baird, of the Leverett money, $35.25 over and above the first lien above referred to, to apply on the other two liens. Giving credit on the second lien of $61.45 of this balance of $35.25 leaves a balance due on that lien of $26.20. On December 26, 1923, White & Baird paid appellant $175, which was also credited on the Poole & White account. On January 17, 1924, they again paid appellant $125, and on January 19th, another item of $125. These two items of $125, as well as the $175 item, were all credited on the Poole & White account. There is no showing that any of these last three items, or any part thereof, came from Leverett.

It is claimed, however, by appellee that part of the money constituting these last three items did come from Leverett, and to this we will give attention.

The second check given by Leverett to White & Baird, on January 26, 1924, was for $90. A third check in amount of $90 was given by Leverett to White & Baird, on February 2, 1924, and another check in amount of $200 was given by Leverett to White & Baird, on January 31, 1924. By comparison, it will be noted that both of the $90 checks and the $200 check were given by Leverett to White & Baird at dates subsequent to the payment by White & Baird of the three items of $175, $125, and

$125, the last of which payments was dated January 19, 1924. It necessarily follows, therefore, that none of the money constituting these last three named items paid to appellant came from money received by White & Baird from Leverett covered by the two checks of $90 each and the $200 check. In fact, Baird testifies that none of the three items of $175, $125, and $125 applied to the Leverett job. Therefore, none of the money paid by Leverett to White & Baird covered by the two $90 checks and the $200 check was traced into the hands of appellant. It follows, therefore, that the second lien has a balance due thereon of $26.20, and the third lien an unsatisfied balance of $61.43; and appellant is entitled to a foreclosure of this second and third mechanic's liens for the above amounts, and the district court should have so held. Appellant may have judgment in this court in accordance with this opinion, if it so elects. This results in a holding that the mechanic's lien for $114.75 is satisfied in full, and to that extent the judgment is affirmed.

As to the other two mechanic's liens, in the light of what has been above said, the case is reversed.—*Affirmed in part; reversed in part.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.